Murphy *v.* Martin.

4-2958

Opinion delivered May 8, 1933.

David L. King, for appellant.

Sidney Kelly and W. P. Smith, for appellee.

Humphrey, J. The purported last will and testament of S. P. Murphy, deceased, was filed in vacation with the clerk of the probate court of Sharp County, Southern District, and by him examined, approved, and admitted to probate on the 5th day of May, 1930. At the succeeding regular term of the probate court, appellees entered a contest, making averments as follows:

"1st. That the paper writing alleged to be the last will and testament of S. P. Murphy, deceased, is not in form as required by law; therefore is not subject to probate.

"2d. That said S. P. Murphy was not possessed of testamentary capacity at the time of the alleged execution of said paper writing purported to be his last will and testament.

"3d. That said purported will is not in the handwriting of said S. P. Murphy."

An answer was filed by appellants denying the first two allegations contained in appellees' contest.

On the trial of the cause, the probate court admitted the will to probate, from which judgment an appeal was duly prosecuted to the circuit court of said county, Southern District, where a change of venue was prayed and granted to the Northern District thereof.

The cause was there tried *de novo* and sent to a jury upon the pleadings, testimony adduced, and instructions of the court, resulting in a verdict and consequent judg-

ment that the instrument in controversy was an invalid will, from which is this appeal.

The undisputed testimony showed that the will was written by Verdus Murphy, a son of S. P. Murphy, and signed by the testator writing his initials "S. P.," which was the usual way of signing his name; that he also signed the will by mark, which signature was witnessed by Cleo Massey and Theodore Eason; that the will was read to S. P. Murphy, after which he signed same in the manner set out above in the presence of the witnesses aforesaid and that they, at his request, signed same as witnesses in his presence and in the presence of each other.

In view of this undisputed testimony, the court should have assumed, in instructing the jury, that the will was in due form and executed in the manner prescribed by law. Instead of doing so, he submitted that issue to the jury in instruction No. 4, over the objection and exception of appellants. Instruction No. 4 is as follows:

"You are instructed that in this case the contestees contend that S. P. Murphy did subscribe the will in question by fixing thereto the initials, "S. P.," and they contend that the initials were used by him as a usual and customary signature, and, if you should believe from the evidence that the initials, "S. P.," were the usual and customary signature of S. P. Murphy, and that he thus subscribed the paper in question, using the said initials "S. P." for his signature, then and in that event the will would have been properly subscribed. You are instructed that the other part of the purported subscription, the part S. P. Murphy written by another party to the will, is to be considered by you as no part of the subscription to the will for the reason that it does not comply with the law as to what constitutes a subscription to a will, and you are therefore to consider only the initials "S. P.," alleged to have been fixed to the will, in arriving at a conclusion as to whether the will has been subscribed."

The submission of this issue to the jury was calculated to confuse and mislead them. The sole issue which should have been submitted to the jury under the disputed testimony was the testamentary capacity of the

testator at the time he executed the will. The testimony was in conflict on that issue.

On account of the error indicated, the judgment is reversed, and the cause is remanded for a new trial.